**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Lynn Watson,<br><br>            Petitioner,<br><br>v.<br><br>Gerald W Thompson,<br><br>            Respondent. | No. CV-19-00405-TUC-RM<br><br>**ORDER** |

On August 15, 2022, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") (Doc. 36) recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Following an extension of time (Doc. 38), Petitioner filed an Objection to the Report and Recommendation (Doc. 39).

**I.        Procedural History[1]**

The Petition seeks relief with respect to three separate criminal cases: (1) Arizona Superior Court, Cochise County, Case No. 2010-00828 ("Credit Card Theft Case"); Arizona Superior Court, Cochise County, Case No. 2012–00215 ("FTA Case") and (3)

---

[1] Petition does not dispute the factual and procedural history as set forth in the R&R, and the Court adopts the factual and procedural history as set forth in the R&R. (Doc. 33 at 1-5); *see Haines v. Get Air Tucson Inc.*, No. CV-15-00002-TUC-RM, 2016 WL 462949, at *2 (D. Ariz. Feb. 8, 2016) (reviewing unobjected-to portions of R&R for clear error and adopting).

Arizona Superior Court, Cochise County, Case No. 2012–00253 ("Marijuana Transportation Case").

### a. Credit Card Theft Case

Petitioner was charged with and convicted after a jury trial of two counts of credit card theft and one count of unlawful possession of methamphetamine and was sentenced to concurrent prison terms, the longest of which is 11 years. On direct appeal, Petitioner's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), stating that counsel had found no colorable appellate claims to raise. Petitioner failed to file a pro se supplemental brief, and the appeals court affirmed Petitioner's convictions and sentences on April 10, 2014. Petitioner failed to seek Arizona Supreme Court review, and the appellate court's mandate issued on May 16, 2014.

Meanwhile, in May 2014 before his direct appeal concluded, Petitioner filed a timely notice of post-conviction relief ("PCR"). Petitioner's counsel subsequently filed a notice of completion of PCR review, stating that counsel had found no colorable PCR claims to raise. Petitioner failed to file a pro se supplemental PCR petition, and on January 2, 2015, the trial court summarily denied post-conviction relief. Petitioner failed to seek appellate review, and his PCR proceeding concluded on February 2, 2015—31 days after he could have timely sought review by the Arizona Court of Appeals.

In January 2019, Petitioner attempted to initiate a second PCR proceeding by requesting a modification of his sentences in his Credit Card Theft Case (and the FTA Case and Marijuana Transportation Case), which the trial court summarily denied on May 7, 2019. Petitioner failed to seek appellate review of the May 7, 2019 ruling.

### b. FTA Case

Petitioner was charged with and convicted after a jury trial of two counts of felony failure to appear in the first degree and was sentenced as a repetitive offender to concurrent 7.5-year prison terms. On direct appeal, Petitioner's counsel argued that Petitioner's failure to appear at the pretrial and trial proceedings did not constitute "public offense[s]" under Arizona law, the substantive failure-to-appear statute is

otherwise unconstitutionally vague, and there was insufficient evidence to sustain the convictions. On July 30, 2014, the Arizona Court of Appeals found Petitioner's claims meritless and affirmed his convictions and sentences. Petitioner failed to seek review by the Arizona Supreme Court, and the mandate issued on September 12, 2014.

Meanwhile, in September 2014 before his direct appeal concluded, Petitioner filed a timely PCR notice. Petitioner's counsel subsequently filed a notice of completion of PCR review, stating that counsel had found no colorable PCR claims to raise. Petitioner then filed a pro se supplemental PCR petition raising one claim: that trial counsel in his Credit Card Theft Case had been ineffective in allegedly advising him not to appear at the pretrial and trial proceedings in that case, resulting in his convictions in the FTA Case. Following an evidentiary hearing, the trial court found in a decision issued on October 8, 2015, that trial counsel in the prior case had not advised Petitioner to absent himself from his pretrial and trial proceedings, found that counsel had therefore not been ineffective on this ground, and denied relief. Petitioner did not seek appellate review, and the PCR proceeding concluded on November 9, 2015—32 days after Petitioner could have timely sought review by the Arizona Court of Appeals.

c. Marijuana Transportation Case

Petitioner was charged with and convicted after a jury trial of one count of unlawful transportation of marijuana for sale and sentenced as a repetitive offender to an 18.75-year prison term. On direct appeal, Petitioner's counsel filed an *Anders* brief stating that counsel had found no colorable appellate claims to raise. Petitioner failed to file a pro se supplemental brief, and the appellate court affirmed his convictions and sentences on March 14, 2014. Petitioner did not seek review by the Arizona Supreme Court, and the mandate issued on May 7, 2014.

Meanwhile, before his direct appeal concluded, Petitioner filed a timely PCR notice. Petitioner's counsel subsequently filed a notice of completion of PCR review, stating that counsel had found no colorable PCR claims to raise. Petitioner subsequently filed a pro se supplemental PCR petition challenging the sufficiency of the evidence on

the marijuana-transportation conviction, claiming that trial counsel had been ineffective in failing to seek removal of a purportedly biased juror, and alleging that appellate counsel had been ineffective in failing to challenge the juror's alleged lack of partiality on direct appeal.

In an order issued on June 30, 2015, the trial court summarily denied post-conviction relief, finding the sufficiency-of-the-evidence claim procedurally precluded, finding that the record was devoid of any suggestion that a juror had been biased or prejudiced against Petitioner, and finding counsel had not been ineffective. Petitioner sought reconsideration on his juror-bias-based ineffective-assistance-of-counsel claims, which the trial court summarily denied on July 14, 2015. Petitioner failed to seek appellate review and the PCR proceeding concluded on July 29, 2015—15 days after Petitioner could have timely sought review by the Arizona Court of Appeals from the denial of his request for reconsideration/rehearing.

On August 14, 2019, Petitioner filed the instant Petition. (Doc. 1.)

## II. Report and Recommendation

Magistrate Judge Rateau's R&R recommends dismissing the Petition as untimely in its entirety. The R&R concludes that "no non-tolled time elapsed prior to the conclusion of Petitioner's first PCR proceeding" in 2015, for any of Petitioner's three criminal cases. (Doc. 36 at 6.) The R&R further concludes that more than three years elapsed between "the conclusion of the first PCR proceeding in 2015 in each case and the initiation of the second PCR proceeding in January 2019 in each case." (*Id.*) Thus, the limitation period expired between the first PCR proceedings in 2015 and the second PCR proceedings in 2019. (*Id.*); *see Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (untimely state postconviction petitions do not toll statute of limitations). Thus, the R&R finds that, unless Petitioner can establish a basis for tolling the limitations period, the Petition is untimely. (*Id.* at 6-7.)

Upon considering Petitioner's argument with respect to equitable tolling, the R&R finds that Petitioner has not met his burden to establish that equitable tolling applies to

- 4 -

his Petition. (*Id*. at 7-11.) The R&R finds that, according to Petitioner's own statements, he began working on his habeas petition in 2018, years after the limitations period expired, which indicates "a lack of diligent pursuit." (*Id*. at 7); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (refusing to apply equitable tolling where petitioner waited 21 months after expiration of the AEDPA limitation to file); *Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011) (141-delay in filing petition indicates that Petitioner "did not diligently pursue his rights").

Because the R&R concludes that Petitioner did not diligently pursue his rights, it finds it need not reach the question of whether he has established an extraordinary circumstance that prevented him from timely filing his Petition, since a petitioner seeking equitable tolling must establish both factors. (*Id*. at 8.) Nevertheless, the R&R considers Petitioner's arguments that (1) he was ignorant of the law and (2) his "diminished capacity and handicaps" justify the application of equitable tolling, based on an incompetency determination in one of his state court cases in 2012. (*Id*. at 8-10.) The R&R finds that ignorance of the law is not an extraordinary circumstance justifying equitable tolling. (*Id.* at 8-9.) Addressing Petitioner's argument that his mental incompetency should toll the limitation period, the R&R finds that Petitioner admits that his 2012 incompetency determination was overruled in state court, and that he failed to appeal this decision. (*Id*. at 10.) The R&R further notes that, after Petitioner's postconviction counsel filed an *Anders* brief, Petitioner had an opportunity to raise issues on appeal pro se and failed to do so. (*Id*.) The competency issue was also not raised in any PCR petitions. (*Id*.) The R&R further notes that Petitioner has not established a causal connection between the 2012 incompetency determination and the delay in filing his habeas petition. (*Id*.) Thus, the R&R concludes that no extraordinary circumstance beyond Petitioner's control prevented him from timely filing the instant Petition. (*Id*. at 11.)[2]

---

[2] Although the R&R states that it finds that an extraordinary circumstance does exist, given the preceding discussion, this appears to have been an inadvertent typo. (*See* Doc. 36 at 11.)

- 5 -

### III. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

Where objections raised "are repetitive of the arguments already made to the magistrate judge, a de novo review is unwarranted." *Vega-Feliciano v. Doctors' Ctr. Hosp., Inc.*, 100 F. Supp. 3d 113, 116 (D.P.R. 2015) (internal citation omitted); *see also Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R&R.")).

### IV. Discussion

a. Applicable Law

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to petitions for writ of habeas corpus filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). The limitation period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Whether a petition is time barred by the one-year statute of limitations is a threshold issue that must be resolved before a court considers other procedural issues or the merits of the petition's claims. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). The time limitations imposed by AEDPA apply to the instant Petition. *See, e.g., Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir. 1999) (applying AEDPA timelines to petitions filed after April 24, 1996).

AEDPA's limitation period is subject to equitable tolling under certain circumstances, *Holland v. Florida*, 560 U.S. 631, 634 (2010), but equitable tolling "is justified in few cases," *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). A petitioner is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). The phrase "stood in his way" means that "an external force"—as opposed to the petitioner's own "oversight, miscalculation, or negligence"—"cause[d] the untimeliness." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). The party seeking to invoke equitable tolling "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). A pro se petitioner's ignorance of the law is not an extraordinary circumstance warranting the application of equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[W]e have held that a pro se petitioner's confusion or

ignorance of the law is not, itself, a circumstance warranting equitable tolling.").

The Ninth Circuit has "held that a 'putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies equitable tolling' of the AEDPA statute of limitations." *Gullick v. Bock*, No. 3:07CV8131JWS (HCE), 2010 WL 457483, at *11 (D. Ariz. Feb. 5, 2010), *aff'd*, 423 Fed. App'x 762 (9th Cir. 2011); *see also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003); *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003)). However, "[a] habeas petitioner's mental incompetence is not a per se reason to toll the statute of limitations for filing a federal habeas petition." *Gullick*, 2010 WL 457483 at *11 (citing *Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002); *Weisner v. Evans*, 2009 WL 3353452, *3 (N. D. Cal. Oct. 19, 2009) ("While *Laws* and *Kelly* permit equitable tolling for mental incompetence, they do not stand for the proposition that every mental illness automatically tolls the limitation period. Most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs.")). "Instead, equitable tolling should be applied '[w]here a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline . . .' because his delay in such an instance 'was caused by an 'extraordinary circumstance beyond [his] control.'" *Id.* (quoting *Law*s, 351 F.3d at 923); *see also Gaston v. Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2003) (petitioner failed to show causal connection sufficient for equitable tolling where he filed state habeas proceedings during relevant time period despite his alleged mental condition), *modified on other grounds*, 447 F.3d 1165 (9th Cir.2006).

b. Analysis

Petitioner's Objection raises one argument that can be construed as objecting to the R&R's findings with respect to the timeliness of his Petition, and several arguments related to the merits of the Petition. (Doc. 39.)

As an initial matter, the Court agrees that the Petition is clearly untimely absent equitable tolling. The latest date on which the state court judgments became final was November 9, 2015, and the Petition was not filed until August 2019.

Petitioner argues that the Magistrate Judge erred by finding that his mental incompetency did not toll the statute of limitations. (Doc. 39 at 2.) Plaintiff avers that his "confirmed birth defects" and "extreme learning disabilities" related to a history of "a head injury with loss of consciousness and possible anoxic brain injury during birth" prevent him from "understanding or comprehending any readable material." (*Id.* at 1-2.) He argues that this Court should have granted his request for counsel,[3] and further argues that his prior counsel in his state court cases should have raised the issue on appeal or in postconviction relief motions but did not. (*Id.* at 2.) Petitioner argues that he was not competent to stand trial and that the court "ignored" those facts. (*Id.*)

The Court need not consider Petitioner's argument under a de novo standard of review, as the Magistrate Judge has already heard and thoroughly considered it. *See Vega-Feliciano*, 100 F. Supp. 3d at 116. Furthermore, Petitioner does not develop his objection to the Magistrate Judge's findings regarding the effects of his mental disabilities on the instant proceedings, but rather challenges the determinations made with respect to his competency in the state courts. However, even considering de novo the Magistrate Judge's findings regarding the effect of Petitioner's mental incompetency on his ability to timely file a petition, the Court agrees with the Magistrate Judge that Petitioner has not shown a causal connection between his incompetency and the untimeliness of his Petition.

Petitioner demonstrated his ability to comply with filing deadlines when he filed a PCR petition in his FTA case arguing that his trial counsel in his prior credit card theft case had been ineffective by advising him not to appear at the proceedings in that case,

---

[3] The Magistrate Judge denied Petitioner's request for appointment of counsel, finding that Petitioner had adequately presented his claims in his habeas petition and that it appeared that the Petition was untimely. (Doc. 24.) The Court noted that it would reconsider appointing counsel if, following the completion of briefing, it appeared that the Petition was timely. (*Id.*) Petitioner did not appeal to this Court the Magistrate Judge's denial of his request for appointment of counsel.

- 9 -

thus resulting in his convictions in the FTA case. *See supra* at 3. Petitioner also filed a pro se supplemental PCR petition challenging his conviction for marijuana transportation, in which he argued that trial counsel was ineffective in failing to seek removal of a purportedly biased juror and that appellate counsel was ineffective in failing to challenge the juror's alleged lack of partiality on direct appeal. *See supra* at 4. Thus, like the Petitioner in *Gaston*, 417 F.3d at 1034-35, Petitioner previously demonstrated his ability to comply with filing deadlines in state court. Furthermore, the thoroughness of the Petition, in addition to Petitioner's ongoing participation in the instant proceedings, belies his assertion that he is incapable of comprehending written materials.

The Petition states that Petitioner "had no idea this process had a time constraint" and did not learn of it until 2019. (Doc. 1-1 at 1-2.) It further states that the Petition was delayed because Petitioner was "pursuing another matter to file a Second Commutation of Sentence Application." (*Id.*) It further states that Petitioner lacks comprehension of "time or procedures" "due to his handicaps." (*Id.*) It states that the trial judge erred in overruling Petitioner's Rule 11 Evaluation, which found him not competent to participate in legal proceedings or stand trial. (*Id.* at 7.)

None of these arguments warrant a finding that equitable tolling should apply to the Petition. Petitioner admits that the delay in filing his Petition was due to his ignorance of the time limitations on the process; however, a pro se litigant's ignorance of the law is not an extraordinary circumstance warranting equitable tolling. *See Waldron-Ramsey*, 556 F.3d at 1013 n.4. And while it may be true that Petitioner's disabilities interfere with his ability to comprehend procedures or deadlines, he does not argue that his disabilities directly caused the three-year delay in filing the Petition. *See Gullick*, 2010 WL 457483, at *11. Rather, Petitioner attributes the delay to his lack of awareness of deadlines and to his focus on other matters related to his cases. Finally, if Petitioner believed the trial judge erred in overruling the Rule 11 Evaluation pertaining to his competency, that issue should have been raised on appeal or in postconviction relief proceedings. It was not.

As the Court finds the Petition untimely and not subject to equitable tolling, it

does not reach Petitioner's objections related to the merits of his habeas claims.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 36) is **accepted and adopted in full**. Petitioner's Objection (Doc. 39) is **overruled**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 29th day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge